**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**DAVID BARDO et al.,**

                          **Plaintiffs,**                    **6:15-cv-348**
                                                        **(GLS/ATB)**


                 **v.**


**CITY OF LITTLE FALLS, NEW**
**YORK et al.,**

                          **Defendants.**

_____

**APPEARANCES:**                           **OF COUNSEL:**

**FOR THE PLAINTIFFS:**
Office of Anthony J. LaFache            ANTHONY J. LAFACHE, ESQ.
288 Genesee Street, Suite 2
Utica, NY 13502


**FOR THE DEFENDANTS:**              MICHAEL J. MURPHY, ESQ.
Carter, Conboy Law Firm               BRIENNA L. CHRISTIANO, ESQ.
20 Corporate Woods Boulevard
Albany, NY 12211

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiffs David Bardo and Shirley Bardo commenced this action against the City of Little Falls, New York and its police department, alleging violations of their Constitutional rights.  (Compl., Dkt. No. 1, Attach. 1.) Pending is defendants' motion for summary judgment.  (Dkt. No. 21.)  For the following reasons, defendants' motion is granted.

## II. Background

### A.    Facts[1]

Plaintiffs are a married couple residing at 259 Flint Avenue, Little Falls, New York.  (Defs.' Statement of Material Facts (SMF) ¶ 1, Dkt. No. 21, Attach. 15.)  On March 20, 2014, at around 10:30 or 11:00 A.M., plaintiffs left their home to pick up their son, Eric, at his residence in Herkimer, New York.  (*Id.* ¶¶ 3-4, 8, 10.)  At Eric's request, plaintiffs drove him to the parking lot of  BJ's Wholesale Club in North Utica, New York,

---

[1] Unless otherwise noted, the facts are undisputed.  The court deems undisputed the properly-supported facts set forth by defendants that plaintiffs did not specifically controvert, *see* N.D.N.Y. L.R. 7.1(a)(3), and takes note of the defendants' arguments regarding the inadequacies of plaintiffs' response to defendants' statement of material facts, (Dkt. No. 32 at 9-10).

where he "informed [plaintiffs] that he 'had to see somebody.'" (*Id.* ¶¶ 11-12.)  Plaintiffs remained in their car while Eric got out, and about ten minutes later he returned. (*Id.* ¶¶ 13-14.)  Eric stated "'let's go'" and then plaintiffs left and dropped him off at his residence. (*Id.* ¶¶ 16-17.)

Later that day at around 12:04 P.M., the Oneida County 911 services put out a "be on the lookout ('BOLO') for a red 2013 Chrysler 4DSD, bearing New York registration number CVG4104." (*Id.* ¶ 19.)  The car, owned by Shirley Bardo and registered to her address at 259 Flint Avenue, was reportedly involved in a robbery at BJ's Wholesale Club in North Utica. (*Id.* ¶¶ 1, 6-7, 21, 23.)  The suspect reportedly held a knife to a victim's neck and took money. (*Id.* ¶ 21.)  Two officers of the City of Little Falls Police Department checked 259 Flint Avenue as soon as the BOLO came out. (*Id.* ¶¶ 22, 24.)  At first the car was not there, but an officer drove past periodically and spotted it in the driveway at about 1:59 P.M. (*Id.* ¶¶ 25-26.)

Two other officers joined that officer at the scene. (*Id.* ¶¶ 27-29.)  One officer "posted himself on the ground in front of the porch with a patrol rifle," while another officer "went to a location that allowed him to observe the rear of the residence." (*Id.* ¶ 28.)  The third officer knocked on the

3

door, and David Bardo answered.  (*Id.* ¶ 29.)  Plaintiffs contend that David was "forcibly and immediately handcuffed and, thereafter, forcibly placed in a chair inside the residence."  (Pls.' SMF ¶ 30, Dkt. No. 30.)  Defendants allege that the officer asked him "if his name was David Bardo and if he was at the BJ's Wholesale Club in North Utica that morning," and, when David replied yes, the officer "instructed [him] to come outside and . . . handcuffed him as a precaution."  (Defs.' SMF ¶ 30.)[2]  The parties also dispute whether David gave the officers permission to enter the residence.  (*Id.* ¶ 31; Pls.' SMF ¶ 31.)

The officers entered the residence and searched the second floor.  (Defs.' SMF ¶¶ 32-34, 37.)  Plaintiffs told the officers what happened earlier that morning regarding picking up their son, driving him to BJ's Wholesale Club, and driving him back to his residence.  (*Id.* ¶ 38.)  One of the officers obtained plaintiffs' son's address and called the Herkimer Police Department, believing that he may be the suspect sought.  (*Id.* ¶ 39.)  The officer was advised by the Herkimer Police Department that the victim "did not wish to prosecute," and he confirmed the same with the

---

[2] Defendants allege that David was later "seated on a chair in the living room."  (Defs.' SMF ¶ 35.)

4

Herkimer County 911 Center.  (*Id.* ¶ 40.)  None of the officers knew about the cancellation of the BOLO until that point.  (*Id.* ¶¶ 44-45.)  The handcuffs on David Bardo "were immediately removed and all officers cleared the residence."  (*Id.* ¶ 41.)

## B.   Procedural History

The instant action was commenced in this court by removal from New York Supreme Court on or about March 25, 2015.  (Dkt. No. 1.) Plaintiff's complaint alleges that "injuries and damages . . . were caused solely by reason of the recklessness, negligence[,] and carelessness of the [d]efendants . . . in that said [d]efendants . . . recklessly, carelessly[,] and negligently entered [p]laintiffs' residence and violated their constitutional and other legal rights by entering said residence without permission and without probable cause or reason[.]"  (Compl. ¶ 4.)  Defendants thereafter filed the pending motion for summary judgment, (Dkt. No. 21), which plaintiffs opposed, (Dkt. No. 27).

## III.  Standard of Review

The standard of review pursuant to Federal Rule of Civil Procedure 56 is well established and will not be repeated here.  For a full discussion of that standard, the court refers the parties to its decision in *Wagner v.*

5

*Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v. Sprague*, 489 F. App'x 500 (2d Cir. 2012).

## IV.  Discussion

### A.    City of Little Falls Police Department

As an initial matter, the court grants summary judgment in favor of the City of Little Falls Police Department.  As defendants correctly note, (Dkt. No. 21, Attach. 16 at 8-9), "[a] police department cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity."  *Reinhart v. City of Schenectady Police Dep't*, 599 F. Supp. 2d 323, 325 n.4 (N.D.N.Y. 2009) (internal quotation marks and citation omitted).  Moreover, plaintiffs make no attempt to explain why this is not the case here.  (*See generally* Dkt. No. 27.)  "Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way," *Sebast v. Mahan*, 754 F. Supp. 2d 423, 432 (N.D.N.Y. 2010) (internal quotation marks and citation omitted); *see also* N.D.N.Y. L.R. 7.1(b)(3), and the court does so here.

### B.    City of Little Falls

Summary judgment is also granted for the City of Little Falls. Plaintiffs' complaint—far from a model of clarity—alleges a violation of 42 U.S.C. § 1983 and negligence.[3]

    *1.    42 U.S.C. § 1983*

"A municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). "In order to state a § 1983 claim against a municipality, a litigant must allege that the municipality implemented and adopted a 'policy statement, ordinance, regulation, or decision' or established or acquiesced in a custom that caused the unconstitutional activity." *Barrett v. Harwood*, 189 F.3d 297, 303 (2d Cir. 1999) (quoting *Monell*, 436 U.S. at 690).

Here, plaintiffs have utterly failed to even allege a policy or custom, let alone marshal facts sufficient to defeat summary judgment.[4] Plaintiffs' argument that they "are not alleging a violation of any specific written policy

---

[3] Defendants construed plaintiffs' claims as such in their motion for summary judgment, and plaintiffs did not attempt to articulate any different or additional claims in their opposition. (Dkt. No. 21, Attach. 16 at 6, 12; Dkt. No. 27.) If plaintiffs had different or additional claims, they should have stated as much. Because plaintiffs are represented by counsel, the court should not be required to guess what they are saying. *See Drakakis v. ABM Janitorial Servs.-Ne., Inc.*, No. 09 Civ.1884, 2010 WL 972398, at *2 (S.D.N.Y. Mar. 17, 2010).

[4] Because defendants satisfied their burden of showing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law, plaintiffs must offer specific evidence showing that a genuine issue of material fact warrants a trial. *See Wagner*, 827 F. Supp. 2d at 92.

of the [City of] Little Falls . . . but are alleging basically what the founding fathers of this country had adopted in the U.S. Constitution and further memorialized in statutory form in most states," (Dkt. No. 27 at 5), is at best utterly devoid of merit.

It is true that a § 1983 plaintiff need not show the existence of a written policy and may rely on an unwritten custom that causes unconstitutional activity.  *See Monell*, 436 U.S. at 691.  But plaintiff's argument in this regard—"during the depositions of the officers, each attempted to justify his actions by using such phrases as 'standard operating procedure[,]'[] 'customary[,]'[] and 'exigent circumstances[,]'[] clearly referring to the customs and standards established and utilized by the [City of] Little Falls . . . in handling situations similar to the Bardo matter"—is conclusory and meritless.  (Dkt. No. 27 at 6.)  Like the vast majority of plaintiff's opposition, this argument is supported by zero citations to the factual record.  (*See generally id.*)  Indeed, what those customs and standards are, how they relate to any unconstitutional activity, and anything about any situations similar to this matter are left unexplained entirely.

Furthermore, although it is true that "'municipal liability may be

imposed for a single decision by municipal policymakers,'" there is no such basis here. *Nagle v. Marron*, 663 F.3d 100, 116 (2d Cir. 2011) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986)). The sole hint of this line of argument by plaintiffs is that "[t]he Chief of Police was involved in the decision-making which led to the unlawful intrusion," without any factual support or elaboration. (Dkt. No. 27 at 6.)[5] "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999).

Plaintiffs also make some allegations about training, seemingly in an attempt to support municipal liability on the basis of a failure to train. (Dkt. No. 27 at 2, 3, 6.) "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a [municipal] 'policy or custom' that is actionable under § 1983." *City of*

_____

[5] In a separate section of their opposition, plaintiffs state that "[i]t is interesting to note that Officer Zink . . . indicated that he attended a meeting with Chief Masi, Assistant Chief Servadio and, upon information and belief, Officer Simonelli, prior to the illegal entry into [plaintiffs'] residence but subsequent to the termination of the BOLO." (Dkt. No. 27 at 2.) Even if true, this is a bald assertion that is completely unsupported by evidence, which does not create a genuine dispute as to a material fact. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

*Canton v. Harris*, 489 U.S. 378, 389 (1989).  Here, not only do plaintiffs fail to set forth any facts showing a failure to train, they actually assert that the City of Little Falls' police officers were trained.[6]

### 2.    Negligence

Summary judgment is also granted for the City of Little Falls as to plaintiffs' negligence claim.  In their motion for summary judgment, defendants argued why plaintiffs' negligence claim should fail.  (Dkt. No. 21, Attach. 16 at 12.)  Plaintiffs made no attempt to address these arguments in their opposition.  (*See generally* Dkt. No. 27.)  For this reason and because defendants have met their burden of demonstrating entitlement to summary judgment, the court deems this claim abandoned. *See Sebast*, 754 F. Supp. 2d at 432; *see also* N.D.N.Y. L.R. 7.1(b)(3).

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 21) is **GRANTED**; and it is further

**ORDERED** that plaintiffs' complaint (Dkt. No. 1, Attach. 1) is

---

[6] "Each [officer] indicated that he attended various training schools, including specifically a Little Falls training school."  (Dkt. No. 27 at 2.)  "Each of the officers had received significant training[.]"  (*Id.* at 6.)

**DISMISSED**; and it is further

     **ORDERED** that the Clerk close this case; and it is further

     **ORDERED** that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties.

**IT IS SO ORDERED.**

January 5, 2018
Albany, New York

Gary L. Sharpe
U.S. District Judge